OPINION of the Court, by
Ch, J. Boyle.
This is a controversy concerning land. The plaintiffs here, who were defendants in the court below, hold the eider legal title. The complainant asserts his claim under an entry upon a treasury warrant for 400 acres, 190 of which he alleges has been,, surveyed. The bill was taken for confessed ; and it appearing from the connected plat that the 190 acres which had been surveyed were not within the defendant’s patent, the court below decreed the defendants to convey to the complainant the residue of the entry, which is not alleged to be surveyed. From this decree the defendants have prosecuted, this writ of error.
Were the complainant’s claim in other respects supported, the decree for the conveyance of the unsurvey-ed land would be clearly erroneous. An entry gives but an inchoate and imperfect right, which may be abandoned by a survey off its location, or forfeited by a failure to make the survey in the time prescribed by law. A naked entry therefore, without shewing that the ulterior steps have been taken to perfect the right, is inefficient, as. well in a' court of equity as in a court pt *124 law, to authorise the party claiming under it to recover asainst the leSal titIe- .
But the complainant’s claim is in other respects destitute of support.
The bill having been taken for confessed, proof ali-unde might be dispensed with, were the allegation sufficient to warrant the conclusion that the entry of the complainant was valid and covered the land in controversy, But such a conclusion is wholly unauthorised by the allegations of the bill. There is no averment of the identity and notoriety of the objects called for ; and what is not averred, cannot be considered as true by taking the bill for confessed. We do pot wish to be understood as deciding that any particular form of allegation is in a case of this kind indispensable : on the contrary, we conceive that any averments, either general or special, from which the inference could be deduced that the entry was valid, would be sufficient. But in the present case, there is a total want of such aver-ments. The decree is therefore erroneous, and must be reversed. But as the bill is too imperfect to authorise a final decision of the rights ol the parties, we are of opinion that it ought to be dismissed without prejudice to the complainant to institute any other suit, either at law or in equity, for the land in dispute.
Decree reversed, &c.